IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DONTAE S. DANIELS,            )
                              )
        Petitioner,            )
                              )
                              )   CIV-14-742-M
v.                            )
                              )
JOHN WHETSEL, Sheriff,         )
                              )
        Respondent.[1]         )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Before the Court is Respondent's Motion to Dismiss the Petition on alternative bases. For the following reasons, it is recommended that the Petition be dismissed without prejudice for failure to exhaust state remedies.

---

[1] As Petitioner was a detainee in the Oklahoma County Detention Center when he filed his Petition, the proper Respondent in this matter is John Whetsel, the Sheriff of Oklahoma County. 28 U.S.C. §§ 2242 (proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004)("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Therefore, John Whetsel is substituted as the proper Respondent. In a pleading filed in this Court on September 17, 2014, Petitioner states that he is now confined at an ODOC facility in Lexington, Oklahoma. (Doc. # 13). However, neither party has moved to substitute the named respondent in this matter.

1

I. Ground for Relief Asserted in the Petition

In his Petition filed July 15, 2014, Petitioner states that he is challenging two convictions entered against him in the District Court of Oklahoma County, Oklahoma, in Case Number CF-2005-4580 and Case Number CF-2008-536. He states that in these cases he entered an "Alford plea" to charges of Indecent Exposure, Lewd Acts with a Minor, and Assault on a Police Officer, and he was convicted and sentenced to "3 years" and "6 months."

As Petitioner's sole ground for habeas relief, Petitioner asserts that his right to appeal his conviction(s) in these two cases was denied because he "sent letter from jail"attempting to withdraw his pleas on August 31, 2008, but due to a holiday and the presiding district judge's absence from her office on vacation the judge did not receive the pleading until September 17, 2008. Petitioner asserts that his motion to withdraw the pleas was denied on the basis that it was not timely filed, and he was not able to obtain the assistance of the public defender or private counsel to pursue a direct appeal.

II. Custody

The pre-eminent issue is this Court's proper exercise of habeas jurisdiction. See Oyler v. Allenbrand, 23 F.3d 292, 293 (10th Cir. 1994)(recognizing court's duty to inquire into its own federal jurisdiction). The federal habeas statute provides a district court with authority to consider a petition brought by a person in custody pursuant to a state court judgment only on the ground that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "The custody requirement is jurisdictional." Mays

v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009). See Spencer v. Kemna, 523 U.S. 1, 7 (1998)(petitioner must satisfy custody requirement at time habeas petition is filed).

Respondent Whetsel seeks denial or dismissal of the Petition on alternative grounds.[2] First, Respondent contends that the Petition should be dismissed because Petitioner is no longer in custody pursuant to the 2008 convictions he is attempting to challenge. Because this assertion, and the related assertion that Petitioner has not exhausted state court remedies, are dispositive, Respondent's remaining grounds for denial/dismissal of the Petition are not addressed. Although advised of his opportunity to reply to the responsive pleading, Petitioner has not done so within the allotted time period.

Pursuant to 28 U.S.C. § 2254(a), an application for a writ of habeas corpus may be entertained in federal court if brought "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Such an application shall not be granted unless it appears that "the applicant has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process," or

---

[2] Respondent seeks dismissal of the Petition "for failure to state a claim upon which relief may be granted." However, the procedures governing judicial review of a habeas petition contemplate the filing of a petition and a responsive pleading. 28 U.S.C. § 2243; Rule 5, Rules Governing Section 2254 Cases in the United States District Courts. Respondent asserts in the Motion to Dismiss that, alternatively, (1) Petitioner's pleas were voluntarily entered with counsel and therefore the Petition should be denied, or (2) the Petition should be dismissed for lack of jurisdiction on the basis that Petitioner is no longer in custody with respect to the challenged convictions, or (3) the Petition should be dismissed because it is time-barred by operation of 28 U.S.C. § 2244(d)(1), or (4) the Petition should be dismissed because Petitioner did not exhaust available state remedies concerning the challenged convictions.

"circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

The evidence provided by Respondent shows that in Case No. CF-2005-4580, Petitioner appeared in Oklahoma County District Court with his attorney on August 26, 2008, and entered an <u>Alford</u> plea[3] to twelve counts of Indecent or Lewd Acts with a minor and two counts of Making Lewd or Indecent Proposal to a minor. Response, Ex. 7. Petitioner was sentenced on the same date to concurrent, three-year terms of imprisonment for each of these convictions. The sentences were ordered to run concurrently with the sentences entered against him in Case No. CF-2008-536. District Judge Bass Lesure gave Petitioner credit for time served on all of these convictions and ordered that Petitioner be immediately released from confinement because his "sentence [was] satisfied." Response, Ex. 7, at 1, 6.

In Case No. CF-2008-536, Petitioner appeared in Oklahoma County District Court with his attorney on August 26, 2008, and entered <u>Alford</u> pleas to one count of Assault and Battery Upon a Police or Other Law Officer and one count of Assault and Battery Upon a Peace Officer. Response, Ex. 8. He was sentenced to serve concurrent, six-month terms of imprisonment for each conviction, with credit for time served, to run concurrently with his sentences in Case No. CF-2005-4580.

On September 17, 2008, Judge Bass Lesure entered an order denying pro se motion

---

[3]<u>See</u> <u>North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970)(holding defendant "accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime").

to withdraw plea in Case No. CF-2005-4580.[4] In this order, Judge Bass Lesure found that Petitioner entered his <u>Alford</u> plea and was sentenced on August 26, 2008, that he had until September 4, 2008, to file with the Court Clerk his motion to withdraw his pleas, that Petitioner's motion to withdraw his pleas was filed "outside his 10 day period," and consequently the motion was denied. Response, Ex. 10.

An order of release was filed in the district court in Case No. CF-2005-4580 on September 8, 2008, reflecting Petitioner discharged his sentences and he was released from custody. Response, Ex. 11. In Case No. CF-2008-536, an order of release was entered on September 8, 2008, reflecting Petitioner had discharged his sentences and he was released from custody. Response, Ex. 13.

On February 7, 2014, Petitioner was sentenced to a five-year term of imprisonment for his conviction following a jury trial for the offense of Failure to Comply with Sex Offender Registration Act in <u>State of Oklahoma v. Dontae Shalon Daniels</u>, Oklahoma County District Court, Case No. CF-2012-4796. Response, Ex. 2. The docket sheet in this case reflects that the trial was conducted in two stages, indicating that Petitioner was charged as a habitual offender due to previous felony convictions. The docket sheet further reflects that Petitioner has appealed this conviction and sentence to the Oklahoma Court of Criminal Appeals, and the appeal is pending. Response, Ex. 2. Petitioner was incarcerated beginning

---

[4]Nothing in the Oklahoma County District Court's docket sheet in Case No. CF-2008-536 indicates Petitioner moved to withdraw his pleas entered in that case or that the presiding judge ruled on any such motion. Response, Ex. 13.

April 23, 2014, in the custody of the Oklahoma Department of Corrections ("ODOC") serving a five-year term of imprisonment entered in the Oklahoma County District Court, Case No. CF-2012-4796, for his conviction of Failure to Comply with Sex Offender Registration Act. Response, Ex. 1.

A writ of habeas corpus ad prosequendum signed by District Judge Henderson in the Oklahoma County District Court in Case No. CF-2011-4522 on May 29, 2014, directed ODOC to transfer Petitioner from ODOC custody to Respondent Whetsel's custody for his prosecution. Response, Ex. 3.

A judgment and sentence was entered in <u>State of Oklahoma v. Dontae Shalon Daniels</u>, Oklahoma County District Court, Case No. CF-2011-4522 on September 4, 2014. Response, Ex. 6. The judgment and sentence reflects that Petitioner was convicted following a jury trial of "Violation of Sex Offender Registration Act Living 2000 Feet within a Daycare" after two or more prior felony convictions, although the nature of those prior convictions is not delineated. Further, the judgment and sentence reflects that on August 22, 2014, Petitioner appeared in court with his attorney and was sentenced to an eight-year term of imprisonment to be served concurrently with his sentence in Case No. CF-2012-4796. Petitioner has 90 days from the date the judgment and sentence was imposed to file his petition in error with the Oklahoma Court of Criminal Appeals. Rule 3.1(C), Rules of the Oklahoma Court of Criminal Appeals.[5]

---

[5]Taking judicial notice of the public records of the Oklahoma County District Court, Petitioner has filed a notice of intent to appeal the conviction and sentence in this case.

In Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403. "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-04.

The Court recognized that limited exceptions to this rule may be shown in cases in which there was a "failure to appoint counsel in violation of the Sixth Amendment," the defendant can show he was not at fault for failing to obtain timely review of a constitutional claim, or after the time for direct or collateral review has expired, a defendant obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Id. at 404-05. In any event, "the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition." Id. at 406.

The undisputed record shows that Petitioner completed the sentences imposed in connection with the 2008 convictions, and he is therefore no longer "in custody" under them. Consequently, he cannot satisfy 28 U.S.C. § 2254's "in custody" requirement unless his

---

http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=case General&casemasterID=2770095&db=Oklahoma.

habeas Petition is construed to assert a challenge to his current sentence(s) and those sentence(s) were adversely affected by the now-expired 2008 convictions. Petitioner has not asserted a challenge to his current sentences, and Respondent has not addressed the issue of whether Petitioner's Petition could be construed to assert a challenge to one or more of his current sentences.

Even assuming, however, that the Petition could be so construed to assert that one or more of his current sentences were improperly enhanced by the 2008 convictions, Petitioner's current sentences and convictions in Case No. CF-2011-4522 and Case No. CF-2012-4796, which are the only two cases under which he is arguably in custody, are not final. In Case No. CF-2012-4796 Petitioner's direct appeal is pending before the Oklahoma Court of Criminal Appeals, and in Case No. CF-2011-4522 the time for filing an appeal has not yet expired.

"For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition).

Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can

pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006). A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted).

In this case, Petitioner has not yet exhausted his state court remedies with respect to the conviction(s) and sentence(s) he is impliedly challenging in his habeas Petition. "Were the district court to ignore this lack of exhaustion and rule on the merits of [Petitioner's] §2254 habeas petition, it could potentially preclude [Petitioner], in the event that his pending [or potential] direct appeal is unsuccessful, from mounting a future federal habeas challenge to his current convictions and sentence[s]." Alexander v. Attorney General of Colo., 515 Fed. Appx. 746, 750 (10th Cir. 2013)(unpublished op.). Under these circumstances, the Petition should be dismissed without prejudice for lack of exhaustion.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 10) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice for lack of exhaustion. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___October 27th___, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of

America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___7th___ day of ___October___, 2014.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE